United States District Court
Southern District of Texas

**ENTERED**

December 16, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WINCY JOSEPH | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00118 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Wincy Joseph is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. On November 23, 2022, Respondent filed the pending Motion to Dismiss. (D.E. 21). Petitioner failed to file a response which, according to the local rules, can be taken as a representation of no opposition. However, the undersigned has considered the merits of the pending Motion. For the reasons stated, it is respectfully recommended that Respondent's Motion be **GRANTED** (D.E. 21) and Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina.

## I.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

## II.     BACKGROUND

On June 2, 2015, Petitioner was sentenced to 51 months incarceration for armed bank robbery and aiding and abetting in violation of 18 U.S.C. §2113 (a) and (d) and 84 months incarceration for using, carrying and brandishing a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. § 924(c), sentences to run consecutively for a total of 135 months imprisonment and five years of supervised release.  (D.E. 20-2).  On February 24, 2017, Petitioner's sentence was upheld by the United States Court of Appeals for the Fourth Circuit, specifically finding bank robbery is a crime of violence under § 924(c).  (D.E. 20-3, Page 7).

Subsequently, in November 2017, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied on February 19, 2020.  (D.E. 20-4 and D.E. 20-5).  The Fourth Circuit declined to issue a certificate of appealability as to the denial of Petitioner's § 2255 motion.  (D.E. 20-6).

## III.     PETITIONER'S CLAIMS

On May 25, 2022, Petitioner filed this petition on a § 2241 form, asserting he is challenging the validity of his conviction or sentence as imposed.  (D.E. 1, Page 3).  He acknowledges he has not sought permission to file a second or successive § 2255 motion from any United States Court of Appeals.  (D.E. 1, Page 4).  Petitioner argues that remedy under 28 U.S.C § 2255 is inadequate or ineffective to challenge his conviction or sentence because he has "already exhausted [his] § 2255 remedy and now there is a new rule of law" that makes his offense void.  More specifically, Petitioner asserts his conviction for violating 18 U.S.C. § 924(c) is invalid because armed bank robbery is no longer a crime of violence following the Supreme

Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  Petitioner requests this Court vacate his sentence and order him to be released.  (D.E. 1, Page 7).

## IV.    PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (Claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence.  *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*.  A § 2255 motion must be filed in the sentencing court.  *Id*.; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014).  A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion.  *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claim challenges the validity of his federal sentence.  Because Petitioner's complaints relate to the merits of his conviction and sentence, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.  Petitioner may bring his claim pursuant

to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction.

*Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d

876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court
> which sentenced him, or that such court has denied him relief, unless it also appears
> that the remedy by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively

applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted

of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the

claim should have been raised at trial, on appeal or by his first § 2255 motion.  Under that set of

circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate.

*Reyes-Requena*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because he has already

exhausted his § 2255 remedy.  (D.E. 1, Page 4).  However, "a prior unsuccessful § 2255 motion,

or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255

inadequate or ineffective." *Dobre*, 211 F.3d at 878 (emphasis in original and citations omitted);

*Cabello v. United States*, No. 21-51066, 2022 WL 2713229, at *1 (5th Cir. July 13, 2022) ("The

mere fact that [Petitioner's] prior § 2255 motion was unsuccessful does not suffice.")

Petitioner has not established that he can meet the requirements of the savings clause to

file a § 2241 petition.  Instead, it is clear Petitioner "is simply attempting to circumvent the

limitations on filing successive § 2255 motions." *Id*.   Contrary to Petitioner's assertions, bank robbery for which Petitioner was convicted remains a crime of violence under 18 U.S.C. § 924(c).  *United States v. Kieffer*, 991 F.3d 630, 637 (5th Cir. 2021) (Bank robbery in violation of § 2113(a) is a crime of violence and therefore, § 924(c) conviction was upheld); *United States v. Smith*, 957 F.3d 590, 593-94 (5th Cir. 2020) (Finding that after *Davis*, Petitioner's armed bank robbery conviction under 18 U.S.C. § 2113(a) and (d) is a crime of violence and therefore, his firearm conviction survived his habeas challenge).   Therefore, Petitioner has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V.   RECOMMENDATION

For the reasons stated above, it is respectfully recommended that Respondent's Motion to Dismiss be **GRANTED** (D.E. 21) and Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**.  It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed a § 2255 motion in the correct jurisdiction.

ORDERED on December 16, 2022.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).